MOUNTAIN VIEW CEMETERY ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83757. Promulgated April 20, 1937.

*M. S. Galasso, Esq.*, for the petitioner.
*W. E. Davis, Esq.*, for the respondent.

OPINION.

HILL: The only question for determination is whether the $2,045 received by petitioner in 1933 in connection with the sales of burial rights in its "perpetual care plot" and added to its endowment fund for the permanent maintenance and care of graves should be included in petitioner's gross income for 1933 for income tax purposes.

The petitioner contends that it should not be so included for the reason that it is part of a trust fund for the maintenance of the graves in that part of the cemetery embraced within the "perpetual care plot" and that its disposition or use for any other purpose was beyond the legal control of petitioner. The respondent contends that the amount of money in question should be included in petitioner's gross income for income tax purposes for 1933 for the reason that such money and the fund into which it was paid were in 1933 under the unrestricted legal control of petitioner and could have been devoted to any use or purpose dictated by petitioner.

Petitioner claims that the establishment of the fund in question for the permanent care and upkeep of graves in the perpetual care plot of its cemetery was in compliance with the requirement of the laws of Montana and by such law the fund is constituted a trust fund. In support of its contentions petitioner cites certain sections of chapter 31, part 3, volume 2, Revised Codes of Montana, 1921 (Laws of 1905 as amended). Chapter 31 embraces sections 6469–6502 of the revised codes. This chapter provides expressly and exclusively for the incorporation and organization of cemetery associations as eleemosynary institutions with perpetual existence, without capital stock, to be operated without profit. Petitioner was not incorporated under the provisions of chapter 31, *supra*. It was incorporated and organized under the general laws of Montana (Comp. Laws 1887, div. 5, ch. 25, now ch. 1, part 3, vol. 2 R. C. M., 1921) which authorize the

formation of corporations for the purpose of carrying on general business enterprises therein named. However, certain provisions in chapter 31, *supra*, are applicable to petitioner in respect of a fund for permanent care and improvement of its cemetery. Such provisions are found in sections 6488, 6489, and 6494. Section 6488 is as follows:

Permanent Improvement Fund. Any association formed under the provisions of this Act, *or any corporation heretofore formed under the laws of this State, which shall have established and be maintaining a cemetery*, shall provide, in the manner set forth in this chapter, for the establishment and maintenance of a permanent fund, the income of which shall be devoted to the care, maintenance and improvement of such cemetery, which fund shall be known as the "permanent care and improvement fund" of such cemetery association. [Emphasis supplied.]

It is provided in section 6489 that:

Whenever moneys to the amount of $100 shall have been received by such corporation, or association, heretofore or hereafter formed for such a fund, either from the sales of lots or from direct payments of such corporation or association toward such a fund by lot owners, or otherwise, the trustees of such association shall immediately make application to the Judge of the District Court for the judicial district in which the cemetery for which such trust fund exists for the appointment of a board of trustees of such fund, and the judge of such court shall thereupon appoint said board of trustees from a list submitted to him by the trustees of such association. * * * Upon the election, appointment, and qualification, as hereinafter provided, of the said trustee of such fund, all the title to the fund included in said trust, and all the rights, powers, authorities, franchises, and trusts whatsoever thereunto appertaining, shall at once vest in them; * * *

Section 6494 provides:

In the case of the failure of the trustees of such an association to make application to the judge of said District Court for the appointment of a board of trustees of such fund, as provided in section 6489, or in case of the death, removal, resignation, or disability of all the members of such board, the said rights, titles, interest, authority, powers, franchises, and trusts, until the appointment and qualification of a new board of trustees of such fund shall vest in the District Court of the county in which such cemetery, or the greater part thereof, shall be situated. In such cases such boards of trustees of such fund shall be appointed by the District Court of said county on application of any person interested, on notice to such other persons interested, as the judge of said court may order. * * *

Under the provisions of section 6488, *supra*, it was mandatory that petitioner establish and maintain a permanent fund the income of which should be devoted to the care, maintenance, and improvement of its cemetery. The petitioner complied with these requirements. Petitioner delayed full compliance with the requirements of section 6489, *supra*, in that it failed to make application to the judge of the district court for the appointment of trustee of such fund until about the first of the year 1936. As a consequence of

such delay such trustees were first appointed in January 1936 and thereupon "all the title to the fund included in said trust, and all the rights, powers, authorities, franchises, and trusts whatsoever thereunto appertaining" at once vested in such trustees. Sec. 6489, *supra*.

During the time from 1925 when the fund was established until the appointment of the trustees thereof in January 1936, the title to the fund and the rights, authority, power, franchises, etc., appertaining thereto were vested in the district court of the county in which the cemetery was situated. Sec. 6494, *supra*.

It is our opinion that, under the facts herein and the statutes of Montana applicable thereto, the fund in question established by petitioner constituted a trust fund composed of moneys paid into such fund by purchasers of burial rights and that the title to the moneys composing such fund passed directly from such purchasers to the District Court and thence to the appointed trustees of the fund. The petitioner never had title to the moneys composing the fund nor the fund itself and had no power to cancel or withdraw the fund or to divert either the fund or its income from the use for which it was established. It was petitioner's duty to put into the fund the money received from the purchasers of burial lots for that purpose and it had no legal power to make any other use or disposition of it.

We held, therefore, that the amount in question here, having been so received and paid into the fund, was not income to petitioner and that it is not taxable thereon. *Los Angeles Cemetery Association*, 2 B. T. A. 495; *Metairie Cemetery Association*, 4 B. T. A. 903; *Englewood Park Cemetery Association*, 6 B. T. A. 386; *Evergreen Cemetery Association of Chicago*, 21 B. T. A. 1194. Cf. *Portland Cremation Association* v. *Commissioner*, 31 Fed. (2d) 843. Cf. *American Cemetery Co.* v. *United States*, 28 Fed. (2d) 918.

*Judgment of no deficiency will be entered.*